UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA METRIS-SHAMOON,
ET AL.,

    Plaintiffs,                        No. 18-13683

v.                                  District Judge Arthur J. Tarnow
                                      Magistrate Judge R. Steven Whalen

CITY OF DETROIT, ET AL.,

    Defendants.
_____/

**ORDER**

For the reasons and under the terms stated on the record on September 10, 2019, Defendants' Motion to Amend Scheduling Order Dates [ECF No. 31] is GRANTED. The scheduling order entered on March 14, 2019 [ECF No. 11] is amended as follows:

| | |
|---|---|
| Discovery Cut-Off: | January 27, 2020 |
| Discovery Motions to be Filed by: | December 30, 2020 |
| Dispositive Motion Cut-Off: | March 2, 2020 |
| Final Pretrial Order, Final Pretrial/ Settlement Conference, Trial: | To be set by District Judge |

In terms of specific discovery:

(A) Defendant City of Detroit, or any Defendant having custody or control of the information, will produce, within 14 days of the date of this Order, all notes, memoranda, reports, or any other documents based on, mentioning, or otherwise related to the Confidential Information ("CI") that Defendant Stephen Geelhood referred to in the search warrant affidavit that he submitted on September 13, 2012 for 48762 Kings Drive and 8929 Wiloray in Shelby Township, Michigan, including any other search warrants

that were issued in whole or in part on the basis of information from the CI; any notes, memoranda prepared by other officers within the Narcotics Division of the Detroit Police Department referring to the CI; and a criminal history of the CI. As to the CI's criminal history, it is ordered that the City of Detroit/Detroit Police Department will conduct a LIEN check on the CI. In addition, the City of Detroit/Detroit Police Department will produce the initial incident report regarding the homicide of the CI and the death certificate of the CI.

All information described in the preceding paragraph will be subject to an attorneys'-eyes-only protective order, and will not be shared with or disclosed to the Plaintiffs or to any person or entity other than Plaintiffs' attorneys, investigators, experts, or clerical and paralegal staff. Any of Plaintiffs' attorneys' employees, contractors, or agents who are provided with this information will be given a copy of this order and will be bound by its provisions. This protective order is without prejudice to Plaintiffs right to move for its rescission after further discovery.

The time frame for responsive information will be September, 2010 to the date of the CI's death.

If, following a diligent and good-faith search, Defendants are unable to locate any responsive documents, then the person who has undertaken that search will provide a written declaration so indicating, and describing the steps that were taken to locate responsive documents.

(B) Defendant Geelhood will be deposed within 21 days of the expiration of the 14-day period set forth in paragraph (A). At that deposition, Plaintiffs or anyone other than the attorneys and the deponent will be sequestered during any testimony regarding the CI.

IT IS SO ORDERED.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: September 10, 2019

---

**CERTIFICATE OF SERVICE**

     I hereby certify on September 10, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on September 10, 2019.

                                          s/Carolyn Ciesla
                                        Case Manager to R. Steven Whalen
                                        Executive U.S. Magistrate Judge