UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA METRIS-SHAMOON,
ET AL.,

              Plaintiffs,                     No. 18-13683

v.                                  District Judge Arthur J. Tarnow
                                  Magistrate Judge R. Steven Whalen

CITY OF DETROIT, ET AL.,

              Defendants.

_____ /

## ORDER

On September 10, 2019, the Court entered an order [ECF No. 36] granting the

Defendants' motion to amend the scheduling order [ECF No. 31]. A section of the order

directed the Defendants to produce "any other search warrants that were issued in whole

or in part on the basis of information from the CI (confidential informant)." Defendants

have now filed a motion for reconsideration [ECF No. 37] as to that part of the Court's

order. The Plaintiffs filed a response in opposition on September 18, 2019 [ECF No. 39].

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which

provides:

> "(3) *Grounds*. Generally, and without restricting the court's discretion, the
> court will not grant motions for rehearing or reconsideration that merely
> present the same issues ruled upon by the court, either expressly or by
> reasonable implication. The movant must not only demonstrate a palpable
> defect by which the court and the parties have been misled but also show
> that correcting the defect will result in a different disposition of the case."

The gist of Defendants' motion is that disclosure of other search warrant

information "could be used to interpolate and zone in on acquaintances between the CI

and the Shamoon family, thus deducing his or her identity." ECF No. 37, Page.ID.382.

The Defendants also rely on *May v. City of Detroit*, 2010 WL 1417752 (E.D. Mich. 2010), where Judge Borman denied a similar request for other search warrants, stating that to disclose the information would allow the plaintiffs to infer the identity of the informant, "thereby placing him/her in grave danger." In *May*, Judge Borman affirmed the bulk of a Magistrate Judge's order requiring the defendants in that case to produce the confidential informant for a deposition at which plaintiffs would be excluded, and imposing a condition that the plaintiffs' counsel be prohibited "from communicating any information gained from the deposition to plaintiffs for purposes of seeking to identify the confidential informant." *Id*. at *2.

Our case is similar to *May* in that both are generally aimed at protecting the identity of a CI. However, to the extent that the defendants in *May* relied on the governmental privilege that shields the identity of an informant, *see Roviaro v. United States*, 353 U.S. 53 (1957), our case differs, since the privilege was extinguished with the CI's death. Indeed, Judge Borman also held that "[o]nly if Defendants are unable to locate [the CI] for the deposition are Defendants required to provide plaintiffs' counsel with the true identity of [the CI]." *May* at *2. But insofar as both *May* and our case are directed at the safety of other individuals–in *May* the CI and in this case the CI's family–my Order in this case provides for an attorneys-eyes-only protective order, which addresses Judge Borman's concern that the defendants might deduce the CI's identity from the other search warrants. The Defendants here are correct that *May* did not authorize the release of the other search warrants, but neither did *May* preclude the discovery of that information subject to a protective order that would prevent disclosure to the Plaintiffs.

The Defendants not having shown a palpable defect in my Order, or that correcting any part of the Opinion would lead to a different result, their motion for reconsideration [ECF No. 37] is DENIED.

IT IS SO ORDERED.

Dated: September 23, 2019    s/R. Steven Whalen
             R. STEVEN WHALEN
             UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on September 23, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants September 23, 2019.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen