UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA METRIS-SHAMOON,
ET AL.,

      Plaintiffs,        No. 18-13683

v.        District Judge Arthur J. Tarnow
       Magistrate Judge R. Steven Whalen

CITY OF DETROIT, ET AL.,

      Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Disqualify the City of Detroit Law Department [ECF No. 105]. For the reasons discussed below, the motion will be DENIED.

### A.    Background

From the inception of this lawsuit, the City of Detroit has been represented by outside counsel James P. Allen and James M. Surowiec, of Allen Brothers, Attorneys and Counselors, PLLC. On June 15, 2020, Patrick Cunningham, of the City of Detroit Law Department, filed an appearance on behalf of the City of Detroit [ECF No. 102], and on the same day filed a motion to stay this Court's previous order [ECF No. 101] in which the City was ordered to produce certain information, including an Internal Affairs filed on Defendant Geelhood. *City's Motion*, ECF No. 103.

The current Corporation Counsel for the City of Detroit Law Department is Lawrence Garcia. Prior to becoming Corporation Counsel, Mr. Garcia represented former Detroit Police Narcotics Officer Arthur Leavells in *Davis v. City of Detroit*, E.D.

Mich. No. 15-10547. In that case, it was alleged that Mr. Leavells knowingly swore to false information to obtain search warrants, similarly to the allegations against Defendant Geelhood in the present case.[1] Mr. Leavells was deposed in the *Davis* case, but asserted his Fifth Amendment right in response to most of the questions.[2]

Plaintiffs now seek to disqualify the City of Detroit Law Department, relying on M.R.P.C. §§ 1.9, 1.10(b), and 1.11( c ).

### B. Discussion

The relevant provisions of the Michigan Rules of Professional Conduct read as follows:

M.R.P.C. § 1.9

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

M.R.P.C. § 1.10(b)

(b) When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, is disqualified under Rule 1.9(b), unless:

(1) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule.

M.R.P.C. § 1.11( c )

(c) Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:

---

[1] In *Davis*, Judge Borman denied class certification. No. 15-10547, ECF No. 168, PageID.3031-3046.

[2] Counsel for the Plaintiffs in the present case also represented the Plaintiffs in *Davis*.

> (1) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter.

"A motion to disqualify counsel is the proper method for a party to bring to the court's attention an alleged conflict of interest or breach of ethical duty by opposing counsel." *Glenn v. Nasscond, Inc.*, 2016 WL 409409, at *1 (E.D. Mich. Feb. 3, 2016)(citing *DeBiasi v. Charter County of Wayne*, 284 F.Supp.2d 760, 770 (E.D. Mich. 2003)). However, "[m]otions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *Valley–Vulcan Mold Co. v. Ampco–Pittsburgh Corp.*, 237 B.R. 322, 337 (B.A.P. 6th Cir.1999), aff'd, 5 F. App'x 396 (6th Cir.2001) (citation and internal quotation marks omitted). The party seeking disqualification bears a heavy burden, *see MJK Family LLC v. Corporate Eagle Mgmt. Servs.*, 676 F.Supp.2d 584, 592 (E.D.Mich.2009), and a court should only disqualify an attorney "when there is a reasonable possibility that some specifically identifiable impropriety actually occurred." *Moses v. Sterling Commerce (America) Inc.*, 122 F. App'x 177, 184 (6th Cir.2005) (citations omitted).

The initial question in this case is whether Mr. Garcia himself is ethically conflicted out because he represented Mr. Leavells in the *Davis* case, and this question is answered with reference to M.R.P.C. § 1.9. In its response [ECF No. 109], the City relies on the three-part test of *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990), where the Sixth Circuit held:

> "A three-part test for disqualification exists: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification."

-3-

The City argues that because there was no past attorney-client relationship between the Plaintiffs (the parties seeking disqualification) and Mr. Garcia, the Plaintiffs fail the first prong of *Dana Corp*.

In reply, the Plaintiffs argue that because it is a state's specific ethical rules that control, and because *Dana Corp.* arose out of the state of Ohio, that case is not applicable to a cause of action arising in the state of Michigan. Indeed, the Sixth Circuit has noted the possibility of tension between *Dana Corp.* and a state's rules of professional conduct. In *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 651 (6th Cir. 2013), the Court observed:

> "Our decisions have not made clear how the *Dana* analysis operates in conjunction with this court's rule that attorneys are 'subject to the rules of professional conduct or other equivalent rules of the state where the attorney's principal office is located.' 6TH CIR. R. 46(b)."

*Bowers* arose out of the state of Kentucky. The Court found that it was unnecessary to resolve the theoretical tension because the Kentucky rule was consistent with the approach set forth in *Dana*:

> "Regardless, the effect of using the Kentucky Rules of Professional Conduct in place of or in conjunction with our Dana analysis is minimal at best because the relevant Kentucky Rule is essentially the same: 'A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in ... a substantially related matter in which that person's interests are materially adverse to the interests of the former client.' KY. S.CT. R. 3.130(1.9)(a). Similarly, the relevant Kentucky Rules of Professional Conduct discussed in this opinion are the same as the American Bar Association's (ABA) Model Rules of Professional Conduct. See, e.g., MODEL RULES OF PROF'L CONDUCT R. 1.9(a) (2011) ('A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in ... a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.')."

The Michigan rule, M.R.P.C. § 1.9, reads exactly the same as the Kentucky rule and Model Rule 1.9(a). Thus, as in *Bowers*, the Michigan rule is congruent with *Dana Corp.*, whose three-part test is the proper basis to assess a motion for disqualification. In

*Ancient Brands, LLC v. Planet Stuff, LLC*, 2018 WL 5885502, at *2–3 (E.D. Mich. Nov. 9, 2018), the Court applied the *Dana Corp.* test, reconciling it with the M.R.P.C.:

> "The Standard for Conflicts Arising from Former Clients
>
> "RPC 1.9 governs conflicts of interest arising from a former client: A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client consents after consultation.
>
> "The Sixth Circuit applies a three-part test for disqualification pursuant to MRPC 1.9: (1) a past attorney-client relationship; (2) the subject matter of the prior attorney-client relationship is substantially related to the subject matter of the present action; and (3) the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 889 (1990)."

Other cases within this district likewise apply the *Dana Corp.* test to disqualification motions. *See e.g.*, *Innovation Ventures, Inc. v. N2 Distrib., Inc.*, 2009 WL 2381836, at *1 (E.D. Mich. July 31, 2009); *Franklin Cap. Funding v. AKF, Inc.*, 2020 WL 3605155, at *7 (E.D. Mich. July 2, 2020). I will do so in this case.

Plaintiffs have failed to meet the first prong of the *Dana Corp.* test, in that they had no previous attorney-client relationship with Mr. Garcia. That fact alone is sufficient to deny their disqualification motion.

In addition, for purposes of the *Monell* claims, Mr. Garcia's limited representation of the City in this case is not materially adverse to Mr. Lavealls' interests. Now, it is true that both the Plaintiffs in the *Davis* case and the Plaintiffs in the present case asserted *Monell* claims against the City. But as an individual defendant, Leavells' concern was for his own liability, not the vicarious liability of the City. His position as a defendant would have been that he had no personal liability, and the *Monell* issue would have been of no consequence to him. The Plaintiffs' argument that Mr. Garcia has effectively "changed sides" vis-a-vis the *Monell* claim appears to be based on the theory that as the City's

attorney, he will necessarily argue that Mr. Leavells, his former client, is a "rogue cop," and was not acting pursuant to implicit municipal policy. That argument misses the mark. First, Mr. Lavealls testified in the Hansberry criminal trial, admitting that he was a bad cop, and detailing his misdeeds, including falsifying search warrant affidavits. So it is unclear how Mr. Garcia would be acting adversely to Mr. Leavells' interests by relying on Lavealls own in-court admissions. Secondly, if Plaintiffs intend to call Mr. Leavells as a witness to support their *Monell* claim, it is they who will be required to examine him as to his misdeeds.[3] Third, Mr. Leavells is not a party to the present case, and the claims against him in the *Davis* case have been dismissed by stipulation, apparently pursuant to a settlement agreement. As the official commentary to Rule 1.9 states, "Disqualification from subsequent representation is for the protection of clients." What interests does Mr. Leavells currently have that would be adversely affected by Mr. Garcia's participation in this case?

In addition, there has been no showing that Mr. Garcia received any confidential information from Mr. Leavells specifically concerning the *Monell* issue. Leavells' testimony in the Hansberry criminal trial, implicating other members of the Narcotics Unit, is non-privileged information that he likely discussed with his criminal attorney. Mr. Garcia did not represent Leavells in the criminal case.

Finally, neither Mr. Garcia, Mr. Cunningham, nor any member of the City Attorneys Office are trial counsel in this case and will therefore not argue any *Monell* issues. The City has employed outside counsel for that purpose, so Plaintiffs' request that

---

[3] During his deposition in the *Davis* case, Mr. Lavealls consistently refused to answer questions on the basis of his Fifth Amendment right. While his subsequent guilty plea may serve as a waiver of that right as to some activity, he would still be able to assert the Fifth Amendment to many possible questions if he were called as a witness in this trial. Indeed, a competent criminal lawyer would likely advise him to do so.

the City appoint special counsel is moot. Mr. Cunningham's motion [ECF No. 101] merely asked for reconsideration or clarification of a discovery order, and had nothing to do with Mr. Lavealls. That limited participation did not in any way work to Mr. Lavealls' detriment.

Because Mr. Garcia is not subject to disqualification under Rule 1.9, the City Attorney's Office is likewise not disqualified.

### C. Conclusion

Plaintiffs' Motion to Disqualify City of Detroit Law Department [ECF No. 105] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: March 16, 2021

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 16, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager to the<br>
Honorable R. Steven Whalen